## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JAY HIRSHBERG,

      Plaintiff,

v.                                                    Case No:  2:20-cv-593-JLB-MRM

LYMAN PRODUCTS
CORPORATION, RICK RANZINGER
and EDWARD WYTRYCH,

      Defendants.

_____

## **ORDER**

Before the Court is Plaintiff's Motion for Partial Summary Judgment & Default Judgment on Liability ("Motion").   (Doc. 40.)

The Motion asserts that "this Court granted a stay as to discovery only and did not disturb its other orders or Defendants' obligations."   (Id. at 3.)   Plaintiff is correct that Defendants filed a motion titled "Motion to Stay Discovery" (Doc. 37), and that this Court granted that motion (Doc. 38) without further clarification. The Defendants' "Motion to Stay Discovery" and this Court's granting of that motion created an ambiguity: Although the title of the motion only references a stay of discovery, the body of the motion requests an "order staying all proceedings in this Action, including all parties' discovery obligations . . . until the Court resolves" the pending motion to remand, motion to consolidate and motion to transfer.   (Doc. 37 at 1, 9.)   Although this Court's order granting the "Motion to Stay Discovery" did

not mention the request in that motion for a stay of all proceedings, the order granted the Motion in full.

While the Court acknowledges that the order granting the Motion to Stay Discovery mentions only discovery and not any other proceedings in this matter, the Court now clarifies that the order was intended to stay <u>all</u> proceedings in the matter until resolution of the pending motions.   Specifically, the Court intended to align the procedural posture of this case with <u>M Seven Holdings LLC v. Lyman Products Corporation</u>, No. 2:20-cv-433-JLB-NPM.   (Doc. 38 at 2.)   That this is the case is shown in the order itself, which specifically recognized that "[i]n <u>M Seven Holdings</u>, the Court has already stayed proceedings <u>other than</u> the pending motion to remand until rulings are entered on that motion as well as the pending motion to consolidate and transfer in this matter.   <u>See</u> <u>M Seven Holdings LLC</u>, No. 2:20-cv-433-JLB-NPM, at Doc. 37, entered Dec. 22, 2020."   (Doc. 38 at 2 (emphasis added).) Thus, the Court found "that a stay in this case is appropriate in light of the stay already entered in the related case and the overlapping motions pending in" both cases.   (<u>Id.</u>)

The Court notes for future reference that both parties contributed to the current state of confusion.   Plaintiff was aware that Defendants had requested a stay of all proceedings in their Motion to Stay Discovery.   Therefore, if Plaintiff was uncertain about the scope of the Court's stay order, it would have been proper for him to file a motion seeking clarification, rather than remain silent until an answer deadline had passed and then file a motion for default judgment.   For their part,

Defendants titled their motion a "Motion to <u>Stay Discovery</u>" but then requested a stay of <u>all proceedings</u> in the motion itself.   In the future, Defendants should be more careful to title any motions they file consistent with the relief sought in the motion.

The Court now clarifies that its previous order granting Defendants' "Motion to Stay Discovery" granted the Defendants the relief sought in the "Motion to Stay Discovery," which was a stay of <u>all proceedings</u> in this case except for the pending motions concerning remand, consolidation, and transfer.   (<u>See</u> Doc. 38 at 2.) Because the Court's order (Doc. 38) stayed all proceedings except for the specific identified motions, Defendants did not fail to timely answer and Plaintiff may not initiate new proceedings through the filing of a summary judgment motion until such time as the stay is lifted.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Partial Summary Judgment & Default Judgment on Liability (Doc. 40) is **DENIED WITHOUT PREJUDICE** to Plaintiff's ability to renew his motion, if applicable, when this case is no longer stayed.

**ORDERED** at Fort Myers, Florida, on March 4, 2021.

_____

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**